NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DISTRICARGO, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2192

---

Appeal from the United States Court of International Trade in No. 1:14-cv-00208-LMG, Judge Leo M. Gordon.

---

Decided: April 3, 2017

---

PETER STANWOOD HERRICK, Peter S. Herrick, P.A., Miami, FL, for plaintiff-appellant.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, JEANNE E. DAVIDSON, REGINALD T. BLADES, JR.; ZACHARY SIMMONS, Office of the Chief Counsel for Trade Enforcement and Compliance, United States Department of Commerce, Washington, DC.

---

Before MOORE, SCHALL, and HUGHES, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

This case involves a scope inquiry conducted by the U.S. Department of Commerce ("Commerce") regarding the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China. *See* Final Scope Ruling on Exhibition Booth Kits (Dep't of Commerce Aug. 14, 2014), available at http://enforcement. trade.gov/download/prc-ae/scope/49-exhibition-booth-kits-14aug14.pdf ("*Final Scope Ruling*"); *see also* Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order, 76 Fed. Reg. 30,650 (May 26, 2011); Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order, 76 Fed. Reg. 30,653 (May 26, 2011) (collectively, "*Orders*"). In the *Final Scope Ruling*, Commerce determined that exhibition booth kits entered by Districargo, Inc. ("Districargo") did not meet the criteria for "finished goods kits" as provided in the *Orders* and therefore were within the scope of the *Orders*. Districargo now appeals to us from the final judgment of the United States Court of International Trade ("Trade Court") sustaining Commerce's ruling. *See Districargo v. United States*, 163 F. Supp. 3d 1340 (Ct. Int'l Trade 2016). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5). We *affirm*.

Districargo's exhibition booth kits consist of upright aluminum extrusions acting as poles, extruded aluminum beams, and iron buckles, or "tension locks." The question before us is whether the kits are within the scope of the *Orders* or whether, although they consist of aluminum extrusions, they nevertheless are excluded from the scope of the *Orders* as "finished goods kits." Under the *Orders*, "[a] finished goods kit is understood to mean a packaged

combination of parts that contains, at the time of importation, all of the necessary parts to fully assemble a final finished good and requires no further finishing or fabrication, such as cutting or punching, and is assembled 'as is' into a finished product." *Orders*, 76 Fed. Reg. at 30,651, 30,654. The *Orders* further provide, however, that "[a]n imported product will not be considered a 'finished goods kit' and therefore excluded from the scope of the [*Orders*] merely by including fasteners such as screws, bolts, etc. in the packaging with the aluminum extrusion product." *Id.*

This case is squarely controlled by our recent decision in *Meridian Products, LLC v. United States*, No. 2016-1730, — F.3d —, 2017 WL 1149517 (Fed. Cir. Mar. 28, 2017). In *Meridian*, the issue was whether certain "trim kits" were covered by the *Orders*. The kits were sold as a package of "finished parts" and consisted of extruded aluminum forms made from aluminum alloy covered by the *Orders*. The forms were to be used for the framing of kitchen appliances. Included with the kits were a set of instructions, as well as fasteners, a fastening tool, and hinge covers. *Meridian*, slip op. at *16. In *Meridian*, we held that the Trade Court had erred in ruling that the trim kits were not covered by the *Orders* because they fell under the "finished goods kit" exclusion. In so doing, we agreed with Commerce that "an aluminum extrusion product and fasteners, without more, will not qualify for the finished goods kit exclusion." *Id.* at *11. "[A]n aluminum extrusion product and fasteners, without more," is precisely what we have in this case. Districargo's exhibition booth kits consist solely of an aluminum extrusion product made from aluminum alloy covered by the *Orders*, and fasteners. Thus, under *Meridian*, they do not qualify for the "finished goods kit" exclusion.

For the foregoing reasons, the final judgment of the Trade Court is affirmed.

**AFFIRMED**

## COSTS

Each party shall bear its own costs.